UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER SHELTON,<br><br>Plaintiff<br>v.<br><br>REAL TIME RESOLUTIONS, INC.,<br><br>Defendant | CASE NO. 2:25-CV-00236 |

**DEFENDANT REAL TIME RESOLUTIONS, INC.'S OPPOSING STATEMENT OF MATERIAL FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS**

Under Fed. R. Civ. P. 56 and D. Me. Local R. 56(c), Defendant Real Time Resolutions, Inc. ("RTR") responds to Plaintiff's Statement of Material Facts (Doc. 46) ("Pl.'s SMF") and states additional material facts. "Rosas Aff." refers to the Affidavit of Real Time Resolutions, Inc., executed by David Rosas, and "Egdall Decl." to the Declaration of Joan M. Egdall in Support of RTR's Opposition, both filed herewith. RTR's admission of any paragraph "for purposes of the pending motions" is not a concession that any Request for Admission is deemed admitted for any other purpose, and RTR reserves its right to seek relief under Fed. R. Civ. P. 36(b).

**RESPONSES TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Qualified. Admitted that RTR's interrogatory answer identified the 2007 sale to the Trust and that RTR produced no instrument transferring the Loan out of the Trust. RTR's records reflect that RTR acquired the Loan on or about October 17, 2019, and that servicing was transferred to RTR from PHH Mortgage Services effective October 18, 2019, and RTR so notified Plaintiff at the time (Add'l SMF ¶¶ 4–6; Doc. 38-7, #660–61).

7. Denied. RTR's records reflect that the Loan was sold to the Trust on or about February 28, 2007, and Deutsche Bank, the Trust's trustee, held the original Note as document custodian until 2013 (Add'l SMF ¶¶ 1–2; Doc. 38-1, #262–63). The free writing prospectus lists the Loan's number (Doc. 40, #930, 956). The remainder of the paragraph is argument, not fact.

8. Qualified. Admitted that § 2.01(iii) of the Pooling and Servicing Agreement contains the quoted language. Deutsche Bank held the original Note as document custodian until on or about October 14, 2013 (Add'l SMF ¶ 2).

9. Admitted.

10. Admitted.

11. Admitted for purposes of the pending motions only.

12. Admitted for purposes of the pending motions only.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted for purposes of the pending motions only.

19. Qualified. Admitted for purposes of the pending motions that, when the Note was lost, it was not in RTR's possession, custody, or control. Whether RTR can satisfy 11 M.R.S. § 3-1309 is a conclusion of law, not a fact (Doc. 38-2, Resp. No. 3).

20. Qualified. Admitted that RTR has not produced an instrument transferring the Loan out of the Trust. Denied that the record identifies no basis for RTR's acquisition: RTR's records reflect that RTR acquired the Loan on or about October 17, 2019, and RTR notified Plaintiff of the purchase at the time (Add'l SMF ¶¶ 4–6; Doc. 38-7, #660–61).

21. Qualified. Admitted that the record contains no bill of sale, purchase agreement, loan schedule, assignment, indorsement, or custodial record transferring the Note or the Loan to RTR. Denied to the extent the paragraph implies that the record contains no evidence of RTR's acquisition of the Loan (Add'l SMF ¶¶ 1–2, 4–6, 8–9).

22. Admitted for purposes of the pending motions only.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Qualified. Admitted that MLN filed a Chapter 11 petition on February 5, 2007, ceased operating, and that its bankruptcy case was closed on May 21, 2012. Denied to the extent the paragraph implies that MLN was dissolved or that its estate ceased to

hold interests in mortgages it originated. See Wilmington Sav. Fund Soc'y, FSB v. Cortellino, 2026 ME 49, ¶¶ 3–4, 7.

28. Qualified. Admitted that RTR's counsel prepared the Affidavit and that Mr. Rosas so testified. Before signing the Affidavit, Mr. Rosas reviewed RTR's business records concerning the Loan, and he believed the Affidavit accurately described RTR's interest (Add'l SMF ¶ 10).

29. Qualified. Admitted that the Affidavit attaches no copy of an assignment, was not executed by the grantor of any assignment, and was not followed by recorded depositions. Denied that 33 M.R.S. § 204 applies to the Affidavit, which is a legal conclusion (Doc. 38-2, Resp. No. 7; Add'l SMF ¶ 10).

30. Qualified. Admitted that the invoice contains the quoted entry, that RTR attached it to its proof of claim, and that RTR's designee so testified. Denied to the extent the paragraph characterizes the meaning of the entry, which is argument.

31. Admitted. The RTR employee signed as a MERS signing officer (Add'l SMF ¶ 11). This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment (Doc. 34 at 3).

32. Admitted. Deutsche Bank, as trustee for the Trust, was also named as a defendant (Add'l SMF ¶ 9). This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment (Doc. 34 at 3).

33. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

34. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

35. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

36. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

37. Admitted for purposes of the pending motions only. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

38. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

39. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

40. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

41. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

42. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

43. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

44. Qualified. Admitted that Plaintiff's counsel emailed the Requests for Admission to RTR's counsel on April 15, 2026. The Requests contained 54 requests, exceeding the 40 permitted by the Scheduling Order (Add'l SMF ¶¶ 13–14). This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment (Doc. 34 at 3).

45. Qualified. Admitted that RTR served its responses on June 18, 2026. On May 15, 2026, the day the responses were due, RTR's counsel requested a 30-day extension; Plaintiff's counsel's office acknowledged the request and did not refuse it. RTR denied or qualified most of the requests and objected to Request Nos. 41 through 54 as exceeding the Scheduling Order's limit (Add'l SMF ¶¶ 15–16). This paragraph should be

stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment (Doc. 34 at 3).

46. Admitted. This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment. Id.

47. Qualified. The paragraph is supported only by Request for Admission Nos. 52 through 54, which exceeded the 40 requests permitted by the Scheduling Order and to which RTR timely objected. Those requests cannot be deemed admitted, and the paragraph therefore lacks record support (Add'l SMF ¶¶ 13, 16). This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment (Doc. 34 at 3).

48. Denied. The paragraph is supported only by Request for Admission No. 50, which exceeded the 40 requests permitted by the Scheduling Order and to which RTR timely objected, and it states a legal conclusion or opinion rather than a fact (Add'l SMF ¶¶ 13, 16). This paragraph should be stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment (Doc. 34 at 3).

49. Denied. The paragraph is supported only by Request for Admission No. 51, which exceeded the 40 requests permitted by the Scheduling Order and to which RTR timely objected, and it states a legal conclusion. RTR denies that 33 M.R.S. § 204 applies to the Affidavit (Add'l SMF ¶¶ 13, 16; Doc. 38-2, Resp. No. 7). This paragraph should be

stricken because it exceeds the thirty statements of material fact the parties agreed to file with their motions for summary judgment (Doc. 34 at 3).

**STATEMENT OF ADDITIONAL MATERIAL FACTS**

1. RTR's records reflect that the Loan was securitized and sold to Soundview Home Loan Trust 2007-1 (the "Trust"), for which Deutsche Bank National Trust Company ("Deutsche Bank") was trustee, on or about February 28, 2007 (Rosas Aff. ¶ 4; Doc. 38-1, #262).

2. RTR's records reflect that the original Note was held by Deutsche Bank as document custodian until on or about October 14, 2013, when it was transferred to Ocwen; that it was later placed in storage and transferred to Iron Mountain on or about January 20, 2017; and that it was destroyed on or about January 21, 2026 (Rosas Aff. ¶ 5; Doc. 38-1, #263).

3. The Note was destroyed on or about January 21, 2026, more than a year after RTR filed its proof of claim on September 10, 2024 (Rosas Aff. ¶ 5; Pl.'s SMF ¶ 36).

4. RTR's records reflect that RTR acquired the Loan on or about October 17, 2019, and that servicing of the Loan was transferred to RTR from PHH Mortgage Services effective October 18, 2019 (Rosas Aff. ¶ 6; Doc. 39-1, #838–39; Doc. 40-4 at 50:20–23).

5. When servicing was transferred, RTR received the prior servicer's loan data and payment history and boarded the Loan onto its servicing system; those records reflected an unpaid principal balance of $71,530.75 and an interest rate of 10.7% (Rosas Aff. ¶ 7).

6. RTR sent Plaintiff its October 29 and October 30, 2019 notices because it understood, based on its records of the acquisition, that it had purchased the Loan (Rosas Aff. ¶ 8).

7. RTR's semiannual letters to Plaintiff were the written early intervention notices RTR sends to delinquent borrowers under 12 C.F.R. § 1024.39(b); RTR's standard practice is to send them approximately every 180 days. The letters' statement that the servicer may have the right to invoke foreclosure was modeled on the federal model clause for those notices, 12 C.F.R. pt. 1024, app. MS-4(D). RTR never commenced a foreclosure of the Mortgage (Rosas Aff. ¶ 9; Doc. 40-4 at 22:14–25:19).

8. Since October 2019, no person, including Deutsche Bank, the Trust, MLN or its bankruptcy estate, Ocwen, or PHH, has notified RTR of any claim to own the Loan or to receive Plaintiff's payments on the Loan (Rosas Aff. ¶ 10).

9. Deutsche Bank, as trustee for the Trust, was named as a defendant in the 2023 Action, appeared through counsel, answered, and obtained an order on a stipulation regarding the priority of the first mortgage on the Property, which it held as trustee for the Trust, and was paid from the sale proceeds on account of that first mortgage. Deutsche Bank has not asserted any interest in the Loan or in the proceeds allocated to RTR (Rosas Aff. ¶ 11; Doc. 43-4, #1452, 1454, 1456–57, 1460).

10. Before signing the Affidavit Regarding Lost or Misplaced Assignment, Mr. Rosas reviewed RTR's business records concerning the Loan, including the records received from the prior servicer. When he signed it, he believed that RTR owned the Loan and that the Affidavit accurately described RTR's interest. RTR recorded it to give record

notice of its interest in connection with the 2023 Action (Rosas Aff. ¶ 12; Doc. 40-4 at 37:3–9, 52:10–54:3).

11. The September 9, 2024 assignment was executed by Wesley Owens, RTR's Senior Vice President, acting as a Vice President and signing officer of MERS, to bring record title into line with what RTR understood to be its ownership of the Loan (Rosas Aff. ¶ 13; Doc. 40-3, #1156; Doc. 40-4 at 38:2–39:1).

12. Under the March 8, 2024 order on the priority stipulation in the 2023 Action, RTR claims only $115,000, the amount fixed by that order (Rosas Aff. ¶ 14).

13. The Court's Scheduling Order dated March 23, 2026 limits each side to 40 Requests for Admission (Doc. 26; Egdall Decl. ¶ 2).

14. On April 15, 2026, Plaintiff's counsel emailed RTR's counsel 54 Requests for Admission, together with interrogatories, requests for production, and Plaintiff's initial disclosures (Egdall Decl. ¶ 3; Doc. 40-7, #1235-1243).

15. On May 15, 2026, RTR's counsel emailed Plaintiff's counsel requesting a 30-day extension of time to respond to Plaintiff's discovery requests. The same day, Plaintiff's counsel's paralegal replied that she had seen the request and that Plaintiff's counsel was out of the office. Plaintiff did not refuse the request or state that he would treat any request as admitted (Egdall Decl. ¶¶ 4–5 & Ex. A).

16. On June 18, 2026, RTR served written responses to the Requests for Admission, denying, among others, Request Nos. 1, 2, 10, 11, 14, 33, and 35, and objecting to Request Nos. 41 through 54 as exceeding the 40 requests permitted by the Scheduling Order (Doc. 38-2; Egdall Decl. ¶ 6).

17. Plaintiff took the Rule 30(b)(6) deposition of RTR on July 30, 2026, after receiving RTR's responses, and had RTR's designee identify them as RTR's answers to the Requests for Admission (Egdall Decl. ¶ 10; Doc. 40-4 at 10:21–11:6).

18. Before filing his Motion for Partial Summary Judgment, Plaintiff did not inform RTR that he considered any Request for Admission deemed admitted (Egdall Decl. ¶ 11).

Dated: November 23, 2026

Respectfully submitted,

REAL TIME RESOLUTIONS, INC.,
By its attorneys,

/s/ Joan M. Egdall
Joan M. Egdall, Esq., Bar No. 9490
Demerle & Associates, P.C.
10 City Square
Boston, MA 02129
(617) 934-7431
jegdall@demerlepc.com

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2026, I electronically filed this opposing statement of material facts with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/ Joan M. Egdall
Joan M. Egdall, Esq.