UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER SHELTON,<br><br>Plaintiff<br>v.<br><br>REAL TIME RESOLUTIONS, INC.,<br><br>Defendant | CASE NO. 2:25-CV-00236 |

**AFFIDAVIT OF REAL TIME RESOLUTIONS, INC. IN SUPPORT OF DEFENDANT REAL TIME RESOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, David Rosas, declare as follows:

1. I am the Director of Loss Mitigation of Defendant Real Time Resolutions, Inc. ("RTR"). I am over eighteen years of age and competent to make this affidavit.

2. I make this affidavit on personal knowledge acquired through my position and my review of RTR's business records concerning the loan at issue (the "Loan"). Those records were made at or near the time of the events they record, by, or from information transmitted by, persons with knowledge of those events; they are kept in the course of RTR's regularly conducted business; and it is RTR's regular practice to make and keep them. RTR's records include records it received from prior servicers of the Loan when servicing was transferred to RTR, which RTR incorporated into its own records and relies on in servicing the Loan.

3. RTR's business includes acquiring and servicing residential mortgage loans, including second mortgage loans.

4. RTR's records reflect that the Loan was originated by Mortgage Lenders Network USA, Inc. ("MLN") on December 8, 2006, and was securitized and sold to Soundview Home Loan Trust 2007-1 (the "Trust"), for which Deutsche Bank National Trust Company ("Deutsche Bank") served as trustee, on or about February 28, 2007.

5. RTR's records reflect that the original promissory note for the Loan (the "Note") was held by Deutsche Bank as document custodian until on or about October 14, 2013, when it was transferred to Ocwen Loan Servicing, LLC ("Ocwen"); that it was later placed in storage and transferred to Iron Mountain on or about January 20, 2017; and that it was inadvertently destroyed on or about January 21, 2026. RTR has never had physical possession of the original Note.

6. RTR's records reflect that RTR acquired the Loan on or about October 17, 2019 and that servicing of the Loan was transferred to RTR from PHH Mortgage Services ("PHH") effective October 18, 2019.

7. RTR boarded the Loan onto RTR's servicing system and received from the prior servicer the Loan's data and payment history. Those records reflected an unpaid principal balance of $71,530.75 and an interest rate of 10.7%.

8. On October 29 and October 30, 2019, RTR sent Mr. Shelton notices informing him of the transfer of servicing to RTR and that RTR had purchased the Loan on October 17, 2019. RTR sent those notices because it understood, based on its records of the acquisition, that it had purchased the Loan.

9. From November 2019 through November 2024, RTR sent Mr. Shelton early intervention letters approximately every six months informing him of options that might be available to resolve the delinquent Loan, including a payment plan, a release of the lien for less than the amount it secures, and a short sale. These letters are the written early intervention notices RTR sends to delinquent borrowers under 12 C.F.R. § 1024.39(b). It is RTR's standard practice to send them approximately every 180 days, as § 1024.39(b)(1) provides. The early intervention letters state that the servicer may have the right to invoke the remedy of foreclosure, which was modeled after the language contained in § 1024.39(d)(2)(iii) and 12 C.F.R. pt. 1024, app. MS-4(D). RTR did not commence any foreclosure of the mortgage securing the Loan.

10. Since RTR acquired the Loan in October 2019, no person, including Deutsche Bank, the Trust, MLN or its bankruptcy estate, Ocwen, or PHH, has notified RTR of any claim to own the Loan or to receive Mr. Shelton's payments.

11. Deutsche Bank, as trustee for the Trust, was named as a defendant in United States v. Shelton, No. 2:23-cv-00173 (D. Me.) (the "2023 Action"). To my knowledge, Deutsche Bank has not asserted any interest in the Loan or in the proceeds of the sale of the property.

12. After RTR learned of the 2023 Action, it retained counsel to protect its interest. Counsel prepared the Affidavit Regarding Lost or Misplaced Assignment that I signed on October 25, 2023. Before signing it, I reviewed RTR's business records concerning the Loan, including the records RTR received from the prior servicer. When I signed it, I believed that RTR owned the Loan and that the affidavit accurately described

RTR's interest. RTR recorded the affidavit to give record notice of its interest in connection with the 2023 Action.

13. On September 9, 2024, Wesley Owens, RTR's Senior Vice President, acting as a Vice President and signing officer of Mortgage Electronic Registration Systems, Inc. ("MERS") under authority MERS grants to its members, executed an assignment of the mortgage from MERS, as nominee for MLN, to RTR, which RTR recorded on September 10, 2024. RTR did so to bring the record title to the mortgage into line with what RTR understood to be its ownership of the Loan.

14. Pursuant to that certain March 8, 2024 order on the priority stipulation in the 2023 Action, RTR is only claiming $115,000, the amount fixed by that order.

15. Under the October 1, 2024 stipulation in the 2023 Action, RTR received seven (7) payments of $1,025 from Mr. Shelton, the last of which RTR received on or about April 17, 2025. RTR applied those payments to the Loan.

16. On July 9, 2025, RTR recorded a discharge of the mortgage under orders entered in the 2023 Action so that the sale of the property could close.

17. At all times since October 2019, RTR has serviced the Loan, communicated with Mr. Shelton, and asserted its claim in the 2023 Action and in Mr. Shelton's bankruptcy case in the belief that it owned the Loan. RTR did not intend to mislead Mr. Shelton or any court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 18, 2026.

David Rosas
Director of Loss Mitigation
Real Time Resolutions, Inc.