**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| CHRISTOPHER A. SHELTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00236-SDN |
| | ) | |
| REAL TIME RESOLUTIONS, INC., | ) | |
| Defendant. | ) | |

**DECLARATION OF JOAN M. EGDALL IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Joan M. Egdall, declare as follows:

1. I am an attorney with Demerle & Associates, P.C., counsel for Defendant Real Time Resolutions, Inc. ("RTR") in this action. I make this declaration on personal knowledge and from my firm's files for this case.

2. The Court's Scheduling Order dated March 23, 2026 limits each side to 40 Requests for Admission (Doc. 26).

3. On April 15, 2026, Plaintiff's counsel emailed me Plaintiff's Requests for Admission, which contain 54 requests, together with Plaintiff's First Set of Interrogatories, First Set of Requests for Production, and Initial Disclosures.

4. On May 15, 2026, the thirtieth day after the April 15 email, I emailed Plaintiff's counsel, John Z. Steed, requesting a 30-day extension of time to respond to Plaintiff's discovery requests.

5. The same day, Sarah B. Waldron, a paralegal in Attorney Steed's office, replied: "I see your email to John requesting a 30-day extension. John is out today and not reachable." Plaintiff's counsel never responded, never refused the request, and never stated that Plaintiff would treat any request as admitted. A true copy of this email exchange is attached as Exhibit A and B.

6. On June 18, 2026, I served RTR's written responses to the Requests for Admission on Plaintiff's counsel by email. RTR denied, among others, Request Nos. 1, 2, 10, 11, 14, 33, and 35, and objected to Request Nos. 41 through 54 as exceeding the 40 requests permitted by the Scheduling Order. A true copy of the responses is in the stipulated record at ECF No. 38-2.

7. I served Objections and Answers to Interrogatories on July 10. 2026. A true copy of the objections and answers is in the stipulated record at ECF No. 38-1. I served objections and Responses to Requests for Production of Documents on July 22, 2026. A true copy of the objections and responses is in the stipulated record at ECF No. 38-3.

8. Plaintiff's counsel first request to confer was on July 10. 2026. Plaintiff filed a request for a hearing regarding a discovery dispute on July 16, 2026. [ECF No. 27]. This request was the first time Plaintiff's counsel referenced the request to extend the deadline to respond to Request for Admissions. There is no statement in the Plaintiff's Request that the admissions were deemed admitted or that the Request for Admissions were to be discussed at the hearing. The parties conferred on July 17. 2026.

9. After the parties conferred, they agreed that a confidentiality order would be entered before Defendant produced confidential documents. A Confidentiality Order

was entered on August 4, 2026 [ECF No. 30]. The Plaintiff withdrew her Request for a Hearing and represented to the court that the discovery dispute was resolved without court action on August 17, 2026. [ECF No. 21].

10. Plaintiff took the deposition of RTR's Rule 30(b)(6) designee, David Rosas, on July 30, 2026, after receiving RTR's responses. Plaintiff's counsel marked RTR's responses as Deposition Exhibit 2, and the designee identified them as RTR's answers to the Requests for Admission (Doc. 40-4 at 10:21–11:6).

11. Before Plaintiff filed his Motion for Partial Summary Judgment on October 15, 2026, Plaintiff's counsel did not inform me that Plaintiff considered any Request for Admission to have been deemed admitted.

12. Discovery in this action closed on August 10, 2026. (ECF No. 26].

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 23, 2026.

*/s/ Joan M. Egdall*
Joan M. Egdall, Bar No. 9490