UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER SHELTON,<br>Plaintiff,<br>v.<br><br>REAL TIME RESOLUTIONS, INC.,<br>Defendant. | CASE NO. 2:25-CV-00236-SND |

**MOTION OF REAL TIME RESOLUTIONS, INC. FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Real Time Resolutions, Inc. ("RTR") moves under Federal Rule of Civil Procedure 56 and Local Rule 56 for summary judgment on all remaining counts of the Complaint: Count I (declaratory judgment), Count II (Truth in Lending Act), Count IV (14 M.R.S. § 6113), and Count V (slander of title), and, in the alternative, for partial summary judgment as set out in the Conclusion. RTR supports this motion with its Statement of Material Facts ("SMF"), the Affidavit of Real Time Resolutions, Inc., executed by David Rosas ("Rosas Aff.") [ECF No. 54-1], the Declaration of Attorney Joan M. Egdall dated November 23, 2026 and submitted herewith and the stipulated records cited in them. RTR files herewith its opposition to Plaintiff's Motion for Partial Summary Judgment [ECF No. 45] at ECF No. 53, in accordance with the Order granting Local Rule 56(h) Schedule [ECF No. 35], as amended [ECF No. 48].

**Introduction**

Discovery is closed, and Plaintiff has produced no evidence that would let a reasonable jury find in his favor on any remaining claim. His case rested on allegations that RTR's recorded instruments clouded his title, derailed his bankruptcy, and cost

him money. His own sworn interrogatory answers and document production now show otherwise.

On July 1, 2025, the Property sold for $985,000.00; every other lien was paid at closing; the $115,000.00 allocated to RTR is held in the registry of the Court in the 2023 Action; and RTR discharged its mortgage. SMF ¶¶ 14–16. Plaintiff swore that his Chapter 13 case was dismissed "because the government agreed to work with us on everything," not because of RTR. SMF ¶ 13. He swore that he received RTR's statements but "thought it was a scam." SMF ¶ 20. He identified no health care provider, no attorney's fees, no refinancing attempt, and no lost sale. SMF ¶¶ 23–25.

This Court should enter summary judgment for RTR on each count:

1. **Count I** fails because RTR's mortgage has been discharged, making the requested declarations about the security interest moot; because Plaintiff's remaining theory, that RTR cannot share in the sale proceeds without possessing the Note, is wrong as a matter of law; and because entitlement to the registry funds is for the court that holds them to decide in the 2023 Action.
2. **Count II** fails because TILA's one-year limitations period bars any claim before May 12, 2024; RTR sent Plaintiff monthly periodic statements during the actionable period, and Plaintiff admits receiving statements; and he has no evidence of actual damages.
3. **Count IV** fails because much of the conduct alleged is litigation conduct, not "servicing"; because Plaintiff has no evidence that RTR caused him any actual damages, since RTR claims only the $115,000.00 fixed by court order; and

because he has no evidence of reasonable commercial standards or of a pattern or practice.

4. **Count V** fails because Plaintiff has no evidence of special damages, and no evidence that RTR recorded its instruments with malice: the Property sold for $985,000.00 within the stipulated timetable, with every other lien paid in full.

**Background**

**The loan.** On December 8, 2006, Plaintiff signed a $73,600.00 note to Mortgage Lenders Network USA, Inc. ("MLN"), secured by a second mortgage on 314 Cousins Street, Yarmouth (the "Property") granted to MERS as nominee for MLN. The mortgage was recorded at Book 24660, Page 205, and the note carried a balloon maturity of January 1, 2022. SMF ¶ 1. The same day, Plaintiff granted a separate first mortgage, later held by Deutsche Bank as trustee and serviced by PHH Mortgage. SMF ¶ 2. In February 2007, according to RTR's records, the second-mortgage loan (the "Loan") was securitized and sold to Soundview Home Loan Trust 2007-1 (the "Trust"), for which Deutsche Bank served as trustee. SMF ¶ 3. The original Note was held by Deutsche Bank as custodian until 2013 and later by Ocwen and its storage vendor; Iron Mountain, which then held the Note on behalf of Real Time Resolutions until it was destroyed in January 2026. SMF ¶ 4.

**RTR's acquisition and recorded instruments.** RTR's records reflect that RTR acquired the Loan on or about October 17, 2019, and that servicing transferred to RTR from PHH effective October 18, 2019. That month, RTR notified Plaintiff in writing that it had purchased the Loan. SMF ¶ 5. From November 2019 through November 2024,

RTR sent Plaintiff the early intervention notices described in 12 C.F.R. § 1024.39(b); it never commenced a foreclosure. SMF ¶ 6. No one, including Deutsche Bank or the Trust, has asserted to RTR a competing claim to the Loan. SMF ¶ 7. In October 2023, after reviewing RTR's business records, RTR's Director of Loss Mitigation executed an Affidavit Regarding Lost or Misplaced Assignment prepared by counsel, recorded November 8, 2023 at Book 40468, Page 131 (the "Affidavit"). It states that RTR owns the Note and Mortgage and that the original assignment was lost before recording, and he believed that RTR owned the Loan when he signed it. SMF ¶ 8. On September 9, 2024, a MERS signing officer executed an assignment of the Mortgage from MERS, as nominee for MLN, to RTR, recorded September 10, 2024 at Book 40982, Page 186. SMF ¶ 9.

**The 2023 Action and the Stipulations.** On April 18, 2023, the United States sued Plaintiff to collect federal tax liabilities and enforce its liens against the Property. *United States v. Shelton*, No. 2:23-cv-00173 (D. Me.) (the "2023 Action"). SMF ¶ 10. Deutsche Bank, as trustee for the Trust, appeared in that action, asserted only the first mortgage, and was paid on it from the sale proceeds. SMF ¶ 7. RTR was substituted as a party in interest for MLN. SMF ¶ 10. On November 11, 2023, the court granted RTR's motion to substitute, to which Plaintiff did not object. [ECF No. 43-9].

On March 8, 2024, the court in the 2023 Action adopted by order a Stipulation Regarding Priority of Lienholder Parties, which the parties, including Plaintiff, had entered and which fixed RTR's claim at $110,000.00, or $115,000.00 if the Property sold after October 15, 2024. SMF ¶ 11. On October 1, 2024, by a further stipulation, the parties agreed that the Property would be placed under contract by June 30, 2025, and

that Plaintiff would pay RTR $1,025.00 a month until the sale; RTR received seven such payments. SMF ¶ 12. Both stipulations reserved Plaintiff's right to challenge RTR's interest. SMF ¶¶ 11–12.

**The bankruptcy.** On July 2, 2024, Plaintiff and his wife filed a Chapter 13 petition, and on September 10, 2024, the Bankruptcy Court dismissed the case on Plaintiff's motion. SMF ¶ 13. Plaintiff swore that the case "was dismissed because the government agreed to work with us on everything" and that "[w]e never got a proposed plan of reorganization." SMF ¶ 13.

**The sale.** On July 1, 2025, the Property sold for $985,000.00. SMF ¶ 14. At closing, $486,027.28 was paid to the United States Treasury, $81,011.96 to the State of Maine, $204,492.56 to PHH Mortgage on the first mortgage, and $26,854.50 to the judgment lienholders; $115,000.00 was allocated to RTR's second mortgage and is held in the registry of the Court in the 2023 Action; and Plaintiff received $9,748.97. SMF ¶ 14. Pursuant to the stipulation and orders in the 2023 Action, RTR claims only $115,000.00. SMF ¶ 15. On June 30, 2025, RTR executed a discharge of its Mortgage, which was recorded July 9, 2025 at Book 41567, Page 323, and Plaintiff swore that all liens are discharged. SMF ¶ 16.

**This action.** On May 12, 2025, Plaintiff sued. [ECF No. 1.] On March 6, 2026, the Court dismissed Count III (FDCPA) and allowed Counts I, II, IV, and V to proceed. [ECF No. 24.] On August 11, 2026, Plaintiff served sworn interrogatory answers and produced documents Bates-numbered SHELTON 001–134. SMF ¶ 19. Plaintiff has

moved for partial summary judgment on Count I and on liability under Count IV (ECF No. 45), which RTR opposes. On August 10, 2026, discovery closed.

**Summary Judgment Standard**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the nonmovant bears the burden of proof at trial, the movant may meet its burden by showing an absence of evidence supporting the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986). The nonmovant must then point to specific, admissible evidence creating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Conclusory allegations, improbable inferences, and unsupported speculation do not suffice. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

Where, as here, the parties have filed cross-motions, the Court considers each motion separately, drawing inferences against the party whose motion is under consideration. See *Adria Int'l Grp., Inc. v. Ferré Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001). The Court may grant summary judgment on a claim or on "part of each claim." Fed. R. Civ. P. 56(a).

**Argument**

**I. Count I (Declaratory Judgment) Fails**

This Court should grant RTR's Motion for Summary Judgment on Count I because the record forecloses Plaintiff's requests directed at the security interest, and Plaintiff's remaining theory fails as a matter of law. The rule is that the Court may grant

summary judgment on a claim or on "part of each claim." Fed. R. Civ. P. 56(a). In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count I because each of Plaintiff's requests is either moot or dependent on a theory that fails as a matter of law. Count I asks the Court to declare that RTR has no enforceable right to collect the debt or enforce a security interest, that any security interest is void, and that RTR must release its recorded instruments. Compl. ¶ 72; Prayer ¶¶ A–C. Whether RTR owns the debt is the subject of Plaintiff's own motion, which RTR opposes because genuine disputes of fact exist on that question. This motion does not ask the Court to resolve ownership in RTR's favor on the present record; it asks the Court to decide the questions of law that do not depend on it. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count I.

**A. The Requests concerning the Security Interest Are Moot**

This Court should grant RTR's Motion for Summary Judgment on Count I because Plaintiff's requests concerning the security interest are moot. The rule is that a request for declaratory relief that can no longer affect the parties' legal relations is moot. See *State of Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 693 (1st Cir. 1994) (relief must admit of "specific relief through a decree of conclusive character") (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)); *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52–54 (1st Cir. 2013) (declaratory relief is moot absent a substantial controversy of sufficient immediacy and reality; federal courts do not issue advisory opinions on matters with no continuing effect); *Overseas Mil. Sales Corp. v. Giralt-*

*Armada*, 503 F.3d 12, 16–17 (1st Cir. 2007) (mootness deprives the court of an Article III case or controversy, making dismissal compulsory). In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count I because there is no longer any security interest to declare void and no instrument encumbering the Property to release. In denying dismissal, the Court found a live controversy because a declaration about RTR's interest in the Property could help settle lien priority. ECF No. 24 at 8. Those circumstances no longer exist. The Property has been sold, every lien was discharged at closing, the proceeds have been paid out or deposited in the registry in the 2023 Action, and RTR discharged its Mortgage of record. SMF ¶¶ 14–16. Plaintiff himself swears that all liens are discharged. SMF ¶ 17. Because no live controversy remains as to the validity or enforceability of RTR's discharged Mortgage, the Court should enter summary judgment on Plaintiff's declaratory-judgment claim.

**B. Plaintiff's Possession Theory Fails as a Matter of Law**

This Court should grant RTR's Motion for Summary Judgment on Count I because Plaintiff's possession theory fails as a matter of law. The rule is that Section 3-1309 governs who may sue on a lost or destroyed instrument as a negotiable instrument; it does not determine who owns the debt. Ownership of a note and the right to enforce it are different concepts. *See* 11 M.R.S. § 3-1203 cmt. 1. A sale of a promissory note is governed by Article 9; the buyer's interest attaches without delivery of the note and is automatically perfected. 11 M.R.S. §§ 9-1109(1)(c), 9-1203, 9-1309(4).

Attachment of an interest in a right to payment secured by a mortgage is also attachment of an interest in the mortgage. *Id.* § 9-1203(7).

Under long-settled Maine law, the security follows the debt. *Wyman v. Porter*, 108 Me. 110 (1911). By contrast, *Greenleaf* addressed standing to foreclose a mortgage. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 9, 14–17; *see also Wilmington Sav. Fund Soc'y, FSB v. Cortellino*, 2026 ME 49, ¶ 7; *Beal Bank USA v. New Century Mortg. Corp.*, 2019 ME 150, ¶ 15. And Section 3-1309 protects the obligor against having to pay twice. 11 M.R.S. § 3-1309(2). In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count I because RTR's right to share in the sale proceeds does not depend on possession of the Note or on standing to foreclose. What remains of Count I is Plaintiff's request for a declaration that RTR has no enforceable right to collect the debt and no right to the $115,000.00 held in the registry in the 2023 Action.

Plaintiff's theory is that RTR never possessed the Note, cannot satisfy the lost-instrument statute, 11 M.R.S. § 3-1309, and under *Greenleaf* could not enforce the Mortgage. RTR does not rely on possession of the Note, and for purposes of this motion it does not contend that it can satisfy § 3-1309(1). SMF ¶ 4. Nor does *Greenleaf* control, because no foreclosure is at issue here. The Property was sold under stipulations Plaintiff signed, and the proceeds are being distributed in an action the United States brought under 26 U.S.C. § 7403. SMF ¶¶ 10–14. In *Tamir v. U.S. Trustee*, No. 2:15-cv-00333-DBH (D. Me. Jan. 22, 2016), this Court rejected a debtor's argument that, under *Greenleaf*, his mortgage lenders could not hold secured claims, agreeing that the

possibility that the creditors "may not have standing to *foreclose* their mortgages on his properties is not a basis for determining the validity of their secured claims" where no foreclosure was pending. *Id.* at 10–12. The same is true of a creditor's right to share in the proceeds of a sale conducted by another lienholder.

The purpose of the lost-instrument rule confirms the point, because the risk of double payment is absent here. In January 2026, the Note was destroyed, and it can never be negotiated to a holder in due course; the only other plausible claimant, Deutsche Bank as trustee for the Trust, appeared in the 2023 Action, is bound by the distribution entered there, and has never asserted an interest in the Loan or in the proceeds allocated to RTR. SMF ¶¶ 4, 7. RTR's current lack of possession of the Note, its inability to satisfy § 3-1309, and the absence of a recorded assignment from MLN do not, as a matter of law, defeat RTR's claim to the registry funds. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count I.

**C. The Court Should Leave Distribution of the Registry Funds to the 2023 Action**

This Court should grant RTR's Motion for Summary Judgment on Count I because the court in the 2023 Action, not this Court, should determine who is entitled to the registry funds. The rule is that the Declaratory Judgment Act confers discretion, not a duty, to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995). In an action under 26 U.S.C. § 7403, the court must "finally determine the merits of all claims to and liens upon the property" and may decree "a distribution of the proceeds of such sale according to the findings of the court." 26 U.S.C. § 7403(c). Courts may withhold declaratory relief in the interest of judicial economy and prudential

restraint. See *El Día, Inc. v. Hernández Colón*, 963 F.2d 488, 493–94 (1st Cir. 1992); cf. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (holding that the court first assuming jurisdiction over property exercises control over that res to the exclusion of other courts). In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count I because a declaration here would duplicate the determination the § 7403 court must make and would risk inconsistent results.

Once the moot requests and the possession theory are set aside, the only question left in Count I is who is entitled to the $115,000.00 held in the registry. That question is already before the court in the 2023 Action. The funds are held there, the competing lienholders and Deutsche Bank are parties there, and the court entered the priority order fixing RTR's share there. SMF ¶¶ 7, 10–11, 14. The Court should decline to declare rights to the registry funds and leave that determination to the 2023 Action. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count I.

**D. The 33 M.R.S. § 204 Theory Fails as a Matter of Law**

This Court should grant RTR's Motion for Summary Judgment on Count I because Plaintiff's 33 M.R.S. § 204 theory fails as a matter of law. The rule is that Section 204 governs the replacement of a lost *deed* by its grantor. 33 M.R.S. § 204. Federal courts do not issue advisory opinions on matters with no continuing effect. *ACLU of Mass.*, 705 F.3d at 52–54. In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count I because the Affidavit does not purport to

replace a lost deed or to convey anything. Plaintiff contends the Affidavit is defective because it does not satisfy 33 M.R.S. § 204. Compl. ¶ 48. RTR does not rely on the Affidavit as a conveyance; RTR recorded it to give notice of its claimed interest in connection with the 2023 Action. SMF ¶ 8. Whether or not it complies with a statute that does not govern it, the Affidavit created no rights, and a declaration about its effect would be advisory now that RTR has discharged the Mortgage. SMF ¶ 16. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count I.

**II. Count II (Truth in Lending Act) Fails**

This Court should grant RTR's Motion for Summary Judgment on Count II because the record now establishes the timeline of the alleged violations, and that timeline defeats Plaintiff's claim. The rule is that 15 U.S.C. § 1638(f) and 12 C.F.R. § 1026.41 require periodic statements for residential mortgage loans, and that a borrower may recover for a violation only within the limits of 15 U.S.C. § 1640. In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count II because the record supplies what the Complaint lacked. Count II alleges that RTR failed to send periodic statements under 15 U.S.C. § 1638(f) and 12 C.F.R. § 1026.41 while continuing to charge interest and fees. Compl. ¶¶ 79–81. The Court denied dismissal because the Complaint did not establish the timeline of the alleged violations. ECF No. 24 at 10–11. The record now does, and, as RTR shows below, it defeats Plaintiff's claim. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count II.

### A. The One-Year Limitations Period Bars Any Claim before May 12, 2024

This Court should grant RTR's Motion for Summary Judgment on Count II because the one-year limitations period bars any claim before May 12, 2024. The rule is that a TILA damages action must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count II because the conduct Plaintiff complains of occurred years before the limitations period. On May 12, 2025, Plaintiff filed suit. ECF No. 1. Any claim based on a statement not sent before May 12, 2024 is therefore time-barred. Plaintiff's own account places the conduct he complains of years earlier: he says the "random statements from RTR" began after his HAMP modification "in 2010 or 2012" and that he contacted Ocwen about them "in 2015 (approximately)." SMF ¶¶ 20–22. The only period that could support a timely claim runs from May 12, 2024 to the July 1, 2025 sale. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count II.

### B. No Violation Occurred in the Actionable Period

This Court should grant RTR's Motion for Summary Judgment on Count II because RTR sent Plaintiff a periodic statement every month during the actionable period. The rule is that a claim under 15 U.S.C. § 1638(f) and 12 C.F.R. § 1026.41 requires a failure to send the required periodic statements, and Count II alleges such a failure, not inaccuracy in the statements' content. Compl. ¶¶ 79–81. In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count II because the undisputed record shows that RTR sent the statements and that

Plaintiff received them. RTR sent Plaintiff a periodic mortgage statement every month during the actionable period. SMF ¶ 17. RTR's Rule 30(b)(6) designee testified that RTR sends Plaintiff a mortgage statement every month and authenticated the statements dated December 6, 2024 and January 6, February 6, March 6, April 6, and May 6, 2025, together with the other statements and letters in Deposition Exhibit 9, as documents RTR sent to Plaintiff. *Id.* Plaintiff, for his part, swore that he did receive RTR's statements, which he "thought . . . was a scam." SMF ¶ 20. On this record, Plaintiff cannot show a failure to send periodic statements. The fees and interest reflected on those statements do not change the analysis, because Count II does not challenge their content, and the March 8, 2024 order fixed the amount RTR may recover from the sale at $115,000.00, which is all RTR claims. SMF ¶¶ 11, 15. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count II.

**C. Plaintiff Has No Evidence of Actual Damages**

This Court should grant RTR's Motion for Summary Judgment on Count II because Plaintiff has no evidence of actual damages. The rule is that actual damages under 15 U.S.C. § 1640(a)(1) must be caused by the violation. In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count II because Plaintiff identifies no amount and no computation for any category of damages. SMF ¶ 22. The only harm he describes, distress at *receiving* RTR's statements and reading online reviews of RTR, is the opposite of harm caused by *not* receiving statements. SMF ¶¶ 20, 22, 28. He paid RTR only the $1,025.00 monthly payments required by the October 1, 2024 stipulation, and RTR claims only the $115,000.00 fixed

by the March 8, 2024 order. SMF ¶¶ 12, 15, 29. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count II.

### D. In the Alternative, Statutory Damages Are Capped

In the alternative, if any part of Count II survives, this Court should grant RTR partial summary judgment because Plaintiff's statutory damages are capped at $4,000.00. The rule is that multiple failures to disclose in connection with a single account entitle a borrower to "a single recovery," 15 U.S.C. § 1640(g), and that, for credit secured by real property, statutory damages are limited to between $400.00 and $4,000.00, 15 U.S.C. § 1640(a)(2)(A)(iv). In the instant case, the law makes clear that this Court should, at a minimum, grant RTR partial summary judgment on Count II because, even if a timely violation existed, every alleged failure relates to a single account secured by real property. Therefore, for these reasons, if any part of Count II survives, this Court should rule that Plaintiff's statutory recovery cannot exceed $4,000.00.

## III. Count IV (14 M.R.S. § 6113) Fails

This Court should grant RTR's Motion for Summary Judgment on Count IV because Plaintiff cannot prove a breach in servicing or foreclosure, actual damages caused by a breach, or a pattern or practice. The rule is that Section 6113 requires a mortgage servicer to "act in good faith toward an obligor in the servicing of an obligation secured by a mortgage and in any foreclosure action relating to such an obligation." 14 M.R.S. § 6113(2). An obligor "injured by a violation" may recover "all actual damages sustained," and statutory damages up to $15,000.00 are available only

"for a pattern or practice" of violations. *Id.* § 6113(4)(A)–(B). In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count IV because Plaintiff must prove a breach in servicing or foreclosure, actual damages caused by it, and, for statutory damages, a pattern or practice, and, as RTR shows below, he cannot prove any of these. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count IV.

**A. Most of the Conduct Alleged Is Litigation Conduct, Not Servicing**

This Court should grant RTR's Motion for Summary Judgment on Count IV because most of the conduct alleged is litigation conduct, not servicing. The rule is that filing a proof of claim or objection in bankruptcy is not "servicing," and the Bankruptcy Code supplies the exclusive remedies for an improper claim. ECF No. 24 at 12 (citing *In re Martel*, 539 B.R. 192, 195–96 (Bankr. D. Me. 2015)); *see MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914–16 (9th Cir. 1996) (state-law claims premised on bankruptcy filings are preempted); *see also Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 447 (1st Cir. 2000) (holding state-law claims premised on conduct regulated by the Bankruptcy Code are preempted); *Dineen v. Daughan*, 381 A.2d 664, 665 (Me. 1978) (privilege encompasses statements made in pleadings and motions relevant to the litigant's interest).

In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count IV because the alleged breaches center on RTR's positions in the bankruptcy case and the 2023 Action: claiming secured status, objecting to confirmation, and "[o]pposing Plaintiff's Chapter 13 bankruptcy plan." Compl. ¶ 106(a), (d), (e). There was no foreclosure action. The remaining allegations (¶

106(c), (g), (h)) duplicate Counts I, II, and the dismissed FDCPA count and fail for the reasons given in Parts I and II. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count IV.

**B. Plaintiff Has No Evidence That RTR Caused Actual Damages**

This Court should grant RTR's Motion for Summary Judgment on Count IV because Plaintiff has no evidence that RTR caused him actual damages. The rule is that Section 6113 permits recovery only by an obligor "injured by a violation," and only for "actual damages sustained." 14 M.R.S. § 6113(4)(A). A party who refuses to disclose damages in discovery cannot rely on them at summary judgment. Fed. R. Civ. P. 37(c)(1).

In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count IV because discovery has disproved or failed to support each category of damages the Court found sufficient at the pleading stage, namely the lost bankruptcy, increased sale costs, emotional distress, and attorney's fees. ECF No. 24 at 15–16. First, as to the lost bankruptcy, Plaintiff swore the case "was dismissed because the government agreed to work with us on everything," that "[t]here were no alternatives to dismissal," and that "[w]e never got a proposed plan of reorganization." SMF ¶¶ 13, 29. His account attributes the dismissal to his agreement with the United States, not to RTR, and the Bankruptcy Court dismissed the case on his own motion. SMF ¶ 13.

Second, as to sale costs, Plaintiff sold the Property for $985,000.00 through an ordinary listing, paid $486,027.28 in federal taxes and $81,011.96 in state taxes at closing,

and still owes the United States. SMF ¶¶ 14, 29. The tax liens, which alone exceeded $567,000.00, drove the sale, and Plaintiff identifies no sale cost RTR caused. Third, as to attorney's fees, Plaintiff objected to identifying any fees and produced no invoices. SMF ¶ 25.

Fourth, as to emotional distress, Plaintiff claims only "garden-variety" distress, identifies no provider, and will not offer treating testimony. SMF ¶ 23. He attributes his distress to receiving RTR's statements beginning around 2010–2015 and to reading online reviews. SMF ¶¶ 20, 22, 28. That conduct predates § 6113, which the Legislature enacted by P.L. 2019, ch. 363, and Plaintiff does not allege that it is a breach. Nor can Plaintiff show injury from the legal fees and interest that RTR's records reflect on the account. RTR claims only the $115,000.00 fixed by the March 8, 2024 order, and Plaintiff paid RTR nothing beyond the $1,025.00 monthly payments he agreed to make in the October 1, 2024 stipulation. SMF ¶¶ 11–12, 15. Charges that the borrower never paid, and that RTR does not seek to recover, caused him no actual damages. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count IV.

### C. Plaintiff Has No Admissible Evidence of a Pattern or Practice

This Court should grant RTR's Motion for Summary Judgment on Count IV because Plaintiff has no admissible evidence of a pattern or practice, and statutory damages are therefore unavailable as a matter of law. The rule is that statutory damages under Section 6113 are available only "for a pattern or practice" of violations, 14 M.R.S. § 6113(4)(B), and that the nonmovant must point to specific, admissible evidence

creating a genuine issue for trial, *Anderson*, 477 U.S. at 248–50. In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count IV because the only support Plaintiff identified in discovery is inadmissible.

At the pleading stage, the Court accepted Plaintiff's allegation that RTR has drawn "numerous consumer complaints, regulatory actions, and lawsuits." ECF No. 24 at 16 (citing Compl. ¶ 44). In discovery, the only support Plaintiff identified is that RTR "has a terrible presence online" and that its reviews are "horrifying." SMF ¶ 28. Anonymous online reviews are inadmissible hearsay and say nothing about violations of a Maine servicing statute. Fed. R. Evid. 801–802. Plaintiff identified no other complaint, action, or lawsuit and designated no expert. SMF ¶ 28. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count IV.

**D. Plaintiff Has No Evidence of Reasonable Commercial Standards**

This Court should grant RTR's Motion for Summary Judgment on Count IV because Plaintiff has no evidence of the reasonable commercial standards that govern RTR's conduct. The rule is that good faith under Section 6113 means "honesty in fact and the observance of reasonable commercial standards of fair dealing." 14 M.R.S. § 6113(1)(A). Without evidence of those standards, a borrower cannot carry her burden on that component of good faith, even after trial. *Wilmington Trust, N.A. v. Howe*, No. 2:21-cv-00278-SDN, 2026 U.S. Dist. LEXIS 207825, at *76 (D. Me. Sept. 15, 2026), *appeal filed* (1st Cir. Oct. 13, 2026).

In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count IV because Plaintiff has designated no expert

and offers no evidence of the commercial standards that govern the servicing of a charged-off second-lien loan. SMF ¶ 28. At a minimum, the Court should rule that Plaintiff may not proceed on the reasonable-commercial-standards component of § 6113. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count IV.

**IV. Count V (Slander of Title) Fails**

This Court should grant RTR's Motion for Summary Judgment on Count V because the undisputed record negates falsity, malice, and special damages as a matter of law. The rule is that, to prevail on a slander of title claim under Maine law, Plaintiff must establish four elements: (1) publication of a slanderous statement disparaging his title; (2) that the statement was false; (3) that the statement was made with malice or reckless disregard of its falsity; and (4) that the statement caused actual or special damages. *Colquhoun v. Webber*, 684 A.2d 405, 409 (Me. 1996); *Raymond v. Lyden*, 1999 ME 59, ¶ 6, 728 A.2d 124; *Pettee v. Young*, 2001 ME 156, ¶ 20, 783 A.2d 637.

The law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count V because Plaintiff alleges that RTR slandered his title by recording the October 25, 2023 Affidavit Regarding Lost or Misplaced Assignment in the Cumberland County Registry of Deeds (Compl. ¶¶ 111–116), and, as RTR shows below, the undisputed record defeats the elements of that claim. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count V.

**A. No Evidence of Malice or Reckless Disregard**

This Court should grant RTR's Motion for Summary Judgment on Count V because Plaintiff has no evidence of malice or reckless disregard of falsity. The rule is that malice requires proof that RTR published the Affidavit knowing it was false or with reckless disregard of its falsity. *Colquhoun*, 684 A.2d at 409. Under Maine law, a claimant who records an instrument in good faith to assert or give notice of a colorable claim to property does not act with malice, even if the instrument is later challenged on technical grounds. See *Fischer v. Bar Harbor Banking & Tr. Co.*, 673 F. Supp. 622, 626 (D. Me. 1987) (granting summary judgment on Maine slander of title claim where defendant acted in good faith to protect a perceived security interest), aff'd, 857 F.2d 4 (1st Cir. 1988).

In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count V because the undisputed facts establish that RTR's Director of Loss Mitigation executed the Affidavit only after reviewing RTR's business records and prior-servicer records, genuinely believed RTR owned the Loan when he signed it, and recorded the Affidavit specifically to give record notice of RTR's interest in connection with the pending 2023 Action. SMF ¶ 4. Indeed, the court in the 2023 Action granted RTR's motion to substitute, without objection from the Plaintiff, for MLN less than two weeks after the Affidavit was executed. SMF ¶ 6. Plaintiff's assertion that counsel's billing entries noted legal issues regarding the lost note and assignment (Compl. ¶ 113) shows at most that RTR consulted counsel to address documentation issues—not that RTR knew it did not own the debt or acted with reckless disregard of

the truth. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count V.

**B. No Evidence of Special Damages**

This Court should grant RTR's Motion for Summary Judgment on Count V because Plaintiff has no evidence of special damages. The rule is that slander of title requires pecuniary loss caused by the publication. *Colquhoun*, 684 A.2d at 410–11 (citing Restatement (Second) of Torts § 633 (1977)). In the instant case, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count V because the record supports none of the damages Plaintiff alleged: diminished value and marketability, lost refinancing, legal expenses, and bankruptcy costs. Compl. ¶ 116.

The Property was already encumbered by the recorded first mortgage held by Deutsche Bank[1], the recorded second mortgage originally held by MLN, the federal tax liens enforced by the United States in the 2023 Action, and the interests of the other named Parties-In-Interest to the 2023 Action, and the Property was sold in connection with that proceeding with the liens paid and discharged in accordance with the stipulation and orders. SMF ¶¶ 3, 6, 14–17. Plaintiff cannot show that RTR's November 2023 Affidavit—which merely gave record notice of the transfer of an already-recorded mortgage—caused any diminution in value, lost refinancing, or distinct pecuniary harm apart from the preexisting encumbrances and federal tax litigation. Nor can Plaintiff

---

[1] Deutsche Bank held the first mortgage by virtue of an assignment from MERS as nominee of Mortgage Lenders Network USA, Inc. to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1, c/o Ocwen Loan Servicing, LLC dated March 26, 2012 and recorded in the Cumberland County Registry of Deeds on April 19, 2012 in Book 29513, Page 173.

recover litigation expenses incurred in bankruptcy or in this suit as "special damages" where the underlying debt and mortgage were valid encumbrances and have now been discharged. SMF ¶¶ 14–17; see *Colquhoun*, 684 A.2d at 411. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count V.

**C. No Evidence of Lost Value, Marketability, Refinancing, or Legal Expenses**

This Court should grant RTR's Motion for Summary Judgment on Count V because Plaintiff has no evidence that the Affidavit diminished the Property's value or marketability, cost him a refinancing, or caused him legal expenses or bankruptcy costs. The rule is that a slander of title plaintiff must prove pecuniary loss caused by the publication, *Colquhoun*, 684 A.2d at 410–11, and that a request for punitive damages fails without actionable compensatory or special damages. See Zembu Prods., LLC v. Gagne, Pettee, 2001 ME 156, ¶ 20, 783 A.2d 637.

Here, the law makes clear that this Court should grant RTR's Motion for Summary Judgment on Count V because the record forecloses each category of loss. On July 1, 2025, the Property sold for $985,000.00 under the timetable of the October 1, 2024 stipulation, which required that it be placed under contract by June 30, 2025, and other liens were paid at closing pursuant to the Stipulation and Order in the 2023 Action. SMF ¶¶ 12, 14. Plaintiff identifies no lower offer, lost buyer, or delay.

As to refinancing, Plaintiff swore that he "never attempted to satisfy or modify this RTR debt," and he identified no document supporting a lost refinancing. SMF ¶¶ 24–25. As to legal expenses and bankruptcy costs, Plaintiff refused to identify any fees and produced no invoices, SMF ¶ 25, and he attributes the bankruptcy dismissal to his

agreement with the United States, SMF ¶ 13. On June 30, 2025, RTR discharged its Mortgage, removing any cloud on title. SMF ¶ 16. Without actionable compensatory or special damages, Plaintiff's request for punitive damages (Compl. ¶ 118) fails as a matter of law as well. Therefore, for these reasons, this Court should grant RTR's Motion for Summary Judgment on Count V.

**Conclusion**

RTR respectfully requests that the Court grant summary judgment in its favor on Counts I, II, IV, and V and enter judgment for RTR on all claims. In the alternative, RTR requests partial summary judgment (1) dismissing as moot Count I's requests concerning the security interest and release of recorded instruments; (2) ruling that RTR's current lack of possession of the Note, its alleged inability to satisfy 11 M.R.S. § 3-1309, and the absence of a recorded assignment from MLN do not, as a matter of law, defeat RTR's claim to the funds held in the 2023 Action, and declining to declare the parties' rights to those funds; (3) limiting Count II to violations occurring on or after May 12, 2024 and capping any statutory recovery at $4,000.00; and (4) barring statutory damages under 14 M.R.S. § 6113(4)(B), barring any claim under the reasonable-commercial-standards component of § 6113, and barring any damages Plaintiff failed to disclose in discovery.

Respectfully submitted,

REAL TIME RESOLUTIONS, INC.,

By its attorneys,

/s/ Joan M. Egdall
Joan M. Egdall, Esq., Bar No. 9490
Demerle & Associates, P.C.
10 City Square
Boston, MA 02129
(617) 337-4444
JEgdall@DemerlePC.com

Dated: November 23, 2026

NOTICE

Please be advised that pursuant to the United States District Court for the District of Maine Rules of Civil Procedure 7(b) any opposition to this Motion must be filed pursuant to the Order granting Local Rule 56(h) Schedule [ECF No. 35] as amended [ECF No. 48]. A failure to file a timely opposition shall constitute a waiver of all objections to the Motion, and the Court may grant the Motion without further notice or hearing.

**CERTIFICATION OF SERVICE**

I, Joan M. Egdall, Esq., of the law firm of Demerle & Associates, P.C., hereby certify that I have this 23rd day of November, 2026 served on behalf of Defendant Real Time Resolutions, Inc., a Motion for Summary Judgment and Statement of Material Facts to all parties entitled to service per the United States District Court for the District of Maine Rules of Civil Procedure via the CM/ECF system.

*/s/ Joan M. Egdall*
Joan M. Egdall, Esq.